UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

|   |   |   |
|---|---|---|
| KING MIGUEL EDDIE CRAYTON, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | Civil Action No. 3:25CV39 (RCY) |
| ) | | |
| PAMUNKEY REGIONAL JAIL, *et al.*, ) | | |
| Defendants. ) | | |
| _____ ) | | |

**MEMORANDUM OPINION**

On January 21, 2025, Plaintiff King Miguel Eddie Crayton ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"),[1] along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. Based on the financial information set forth in Plaintiff's IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application, ECF No. 1, will be **GRANTED**, and the Clerk will be **DIRECTED** to file Plaintiff's Complaint. However, the Court finds that Plaintiff's Complaint suffers from defects that must be addressed before this action may proceed.

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A *pro*

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

*se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to this statutory screening obligation, the Court has reviewed Plaintiff's Complaint.

## I. BACKGROUND

Plaintiff was previously incarcerated at Pamunkey Regional Jail ("PRJ"), which is named as the primary defendant in this suit. Compl. at 2, 4. Defendant Bhat Shridhar, M.D., is alleged to be a "medical M.D. specialist" at PRJ. *Id.* at 2. In his Complaint, Plaintiff alleges:

- Plaintiff was diagnosed with a disease and was ordered to get treatment, but PRJ refused to treat Plaintiff. *Id.* at 4.

- Dr. Bhat rejected Plaintiff's self-reporting of symptoms and refused to refer Plaintiff for treatment. *Id.*

- Plaintiff had lab work done twice in October of 2024, as a result of which PRJ "was well aware of [Plaintiff's] disease." *Id.*

- PRJ and Dr. Bhat refused to give Plaintiff "treatment for a viral infection that infects the liver and can be life-threatening." *Id.*

- Plaintiff never saw the mental health department while incarcerated at PRJ. *Id.*

- As a result of the above, Plaintiff suffered physical pain, stomach pain, nausea, headache, swollen feet, night sweats, mental anguish, trauma, turmoil, emotional distress, depression, extreme discomfort and fear for his life and health. *Id*. at 5.

Based on the factual allegations summarized above, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983[2] against PRJ and Dr. Bhat for violations of his Eighth Amendment[3] rights. He also asserts an unadorned "tort claim" pursuant to § 1983. *Id*. at 3.

## II.   ANALYSIS

Section 1983 creates a cause of action for a person who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a "person" acting under color of state law. 42 U.S.C. § 1983; *see Briggs v. Waters*, 455 F. Supp. 2d 508, 518 (E.D. Va. 2006). PRJ is not considered to be a "person[] amenable to suit under § 1983." *Barksdale v. Piedmont Reg'l Jail*, No. 3:15cv201, 2015 U.S. Dist. LEXIS 152636, at *5 (E.D. Va. Nov. 10, 2015) (noting that "[n]either inanimate objects such as buildings, facilities, and grounds nor collective terms such as staff or agency, are persons amenable to suit under § 1983"); *see Preval v. Reno*, No. 99-6950, 2000 U.S. App. LEXIS 465, 2000 WL 20591, at *1 (4th Cir. 2000) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Accordingly, Plaintiff's § 1983 claim against PRJ will be DISMISSED.

As to Dr. Bhat, Plaintiff's allegations amount to a claim that Dr. Bhat disregarded or rejected Plaintiff's self-reported symptoms, as a result of which Plaintiff was not provided the medical attention he believes he required. To state an Eighth Amendment claim for denial of medical care, Plaintiff must first show that he had an objectively serious medical need that has

---

[2] Plaintiff in fact checked the box indicating that he was bringing a *Bivens* action against federal officials. Compl. 3. That act notwithstanding, Plaintiff completed other aspects of the *pro se* Complaint form applicable to a § 1983 claim, while leaving the *Bivens* questions blank. And because Plaintiff's claims are actually against state "officials" (insofar as PRJ is a state-run facility, *see* https://www.hanovercounty.gov/232/Pamunkey-Regional-Jail), his suit will be construed as brought pursuant to 42 U.S.C. § 1983 and not, as the checked-box suggests, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which extends § 1983 liability to federal officials.

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

3

been "diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *See Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)).  Second, Plaintiff must show that the defendant prison official acted with a "sufficiently culpable state of mind," namely that "the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety."  *See Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994) (internal quotation marks and citation omitted); *see also Scinto*, 841 F.3d at 225.  Plaintiff's Complaint does not state an Eighth Amendment claim.

In *Bowring v. Godwin*, the Fourth Circuit "disavow[ed] any attempt to second-guess the propriety or adequacy of a particular course of treatment.  Along with all other aspects of health care, this remains a question of sound professional judgment.  The courts will not intervene upon allegations of mere negligence, mistake[,] or difference of opinion."  551 F.2d 44, 47–48 (4th Cir. 1977).  Here, Plaintiff is asking the Court to engage in just such second-guessing.  Plaintiff has vaguely alleged that, at some point in time, he "was diagnosed with the disease," Compl. 4, but he does not specify what that disease might be or when he received such a diagnosis.  He also references a "viral infection that affects the liver," but not in connection with any complaints made to Dr. Bhat.  *Id.*  Plaintiff's allegations culminate in a conclusory allegation that "Dr. Bhat denied [him] medical treatment for [his] chronic illness," *id.*, but his allegations also show that Dr. Bhat evaluated Plaintiff and dismissed Plaintiff's symptom-complaints.

On this record, the Court does not find that Plaintiff has sufficiently alleged that he had an objectively serious medical need that had been "diagnosed by a physician as mandating treatment or . . . [was] so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *See Scinto*, 841 F.3d at 225.  And even if he had, Plaintiff's allegations do not touch

4

upon Dr. Bhat's state of mind or otherwise demonstrate that Dr. Bhat "kn[ew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." *Farmer*, 511 U.S. at 834, 847; *see also Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim unless exceptional circumstances are alleged."). Thus, Plaintiff has not stated a claim for an Eighth Amendment violation pursuant to § 1983. Plaintiff's Eighth Amendment claim against Dr. Bhat will accordingly be DISMISSED.

Finally, as to Plaintiff's general "tort claim," the Court discerns no facts that would support an independent cause of action on this basis, even taking it outside the ambit of § 1983.[4] Plaintiff pleads no specific tort allegedly committed by any defendants, nor does he identify a cognizable legal duty, breach of duty, or state a plausible negligence claim. Thus, Plaintiff has failed to state a claim for any tort committed by any Defendant. Plaintiff's tort claim will accordingly be DISMISSED.

### III. NO SERVICE & DENIAL OF DEFAULT JUDGMENT

Because the Court has found that dismissal of all of Plaintiff's claims is appropriate, the Court will NOT direct the Clerk to arrange for service of the Complaint upon Defendants. The Court furthermore DENIES Plaintiff's pending Motion for Judgment by Default (ECF No. 3) as premature.

### IV. CONCLUSION

Having found that Plaintiff has failed to state any claim upon which relief may be granted, whether predicated on § 1983 and the Eighth Amendment or state tort law, the Court finds that

---

[4] Plaintiff's remedy against state actors for a claim of negligence, if any, lies in a state tort action, and is not remediable under § 1983.

dismissal of this action is warranted. However, in deference to Plaintiff's *pro se* status, the Court will not yet dismiss this action. Instead, the Court will ORDER Plaintiff to SHOW CAUSE why this action should not be dismissed.

  An appropriate Order will accompany this Memorandum Opinion.

/s/ *RCY*
Roderick C. Young
United States District Judge

Date: April 30, 2025
Richmond, Virginia